IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| VonEric Primus, | ) | Case No. 8:25-cv-01958-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Allen, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging a violation of his civil rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). Defendant filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 21. On January 14, 2026, the Magistrate Judge issued a Report recommending that the motion be construed as one for summary judgment and that it be granted. ECF No. 34. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 36.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge provides a thorough recitation of the applicable law and relevant facts, which the Court incorporates by reference.  The Magistrate Judge recommends granting summary judgment on the basis that Plaintiff failed to properly exhaust his administrative remedies and because there is no *Bivens* remedy available.  Because Plaintiff has filed objections, the Court's review has been de novo.

The Court will begin with a brief discussion of Plaintiff's failure to exhaust administrative remedies prior to filing suit.  Plaintiff objects and asserts that the grievance procedure is unavailable.  It is clear from the evidence in the record that Plaintiff did not properly comply with the grievance procedure, which is a prerequisite to filing suit.

However, regardless of whether Plaintiff exhausted his administrative remedies, summary judgment is still appropriate.

In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for violations of constitutional rights. *Bivens*, 403 U.S. at 388. To state a *Bivens* claim, a plaintiff must plausibly allege that: (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States and (2) the defendant did so under color of federal law. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (setting forth requirements for a § 1983 claim under color of state law); *see also Bivens*, 403 U.S. at 389 ("In [a previous case], we reserved the question whether violation of [the Constitution] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does.").

In *Bivens*, the Supreme Court recognized an implied private action for damages against federal agents alleged to have violated a plaintiff's Fourth Amendment rights from unreasonable search and seizure when the agents handcuffed the plaintiff in his own home without a warrant. *Bivens*, 403 U.S. at 389. Since then, the Supreme Court has only extended *Bivens* claims in two additional contexts: (1) under the Fifth Amendment's Due Process Clause for gender discrimination when a Congressman fired his female administrative assistant (*Davis v. Passman*, 442 U.S. 228 (1979)); and (2) under the Eighth Amendment's Cruel and Unusual Punishment Clause against prison officials for failing to treat an inmate's asthma (*Carlson v. Green*, 446 U.S. 14 (1980)).

3

*Bivens* is a judicially created remedy, and further extension is disfavored. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017). Accordingly, a court must first examine whether a case presents a new *Bivens* context and, if so, conduct a special factors analysis to decide whether the extend *Bivens*. The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided" by the Supreme Court. *Abbasi*, 137 S.Ct. at 1859. The *Bivens* remedy should not be expanded "if there are special factors counseling hesitation in the absence of affirmative action by Congress." *Id*. at 1857 (quoting *Carlson*, 446 U.S. at 18) (internal quotation marks omitted). A court's special factors inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857–58.

Plaintiff's claim here is that he has been experiencing severe chest pains since December 2023 and has had a persistent cough since 2019, which have caused serious medical problems. He attempts to analogize this claim to that in *Carlson* and, thus, argues that it is not a new context. However, Plaintiff's allegations are not sufficiently similar to those in *Carlson*. *See Bulger v. Hurwitz*, 62 F.4th 127, 138 (4th Cir. 2023) ("Nonetheless, even if Appellant could make out a claim for an alleged failure to provide constitutionally adequate medical treatment, a lack of competent medical care did not cause Bulger's death. Given this meaningful difference, we conclude that Appellant's [*Bivens* claims] are not authorized by *Carlson* but instead present a new context."). Accordingly, Plaintiff's claim arises in a new context, and special factors counsel against extending a *Bivens* remedy. *See, e.g., Bulger*, 62 F.4th at 137, 139–42.

4

Finally, the Court will address Plaintiff's remaining request and Defendant's remaining arguments. To the extent Plaintiff asserts this claim against Defendant in her official capacity, she is entitled to sovereign immunity. *Morrison v. Holding*, 539 F. App'x 272, 273 (4th Cir. 2013). Plaintiff's claim against Defendant in her individual capacity is further barred by qualified immunity as Plaintiff has not stated a constitutional violation. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (noting that qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known."). Likewise, Plaintiff's request for injunctive relief is denied. See 18 U.S.C. § 3626(a)(1)(A) ("Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff . . . .").

Therefore, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, Defendant's motion for summary judgment [21] is **GRANTED**.

IT IS SO ORDERED.

                                                                            s/ Donald C. Coggins, Jr.
                                                                            United States District Judge

February 17, 2026
Spartanburg, South Carolina